Case 1:22-cv-00002 Document 13 Filed on 01/10/23 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
January 10, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| NAVERSIA CE'ALLEN ALEXANDER, <br>     Petitioner <br><br> v. <br><br> BOBBY LUMPKIN, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br>     Respondent | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:22-cv-02 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Naversia Ce'Allen Alexander's "Petition for a Writ of Habeas Corpus by a Person in State Custody" and his corresponding "Memorandum of Law [in] Support of Petition Application for Writ of Habeas Corpus" (hereinafter, collectively, Alexander's "§ 2254 Petition" or "Petition"). Dkt. Nos. 1, 2. The Court is also in receipt of Respondent Bobby Lumpkin's "Motion for Summary Judgment with Brief in Support" (hereinafter, Respondent's "Motion for Summary Judgment" or "Motion"). Dkt. No. 12. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Respondent's Motion; (2) **DISMISS WITH PREJUDICE** Alexander's Petition; (3) **DIRECT** the Clerk of Court to close this case; and (4) **DECLINE** to issue a certificate of appealability.

### I.     Jurisdiction

The Court has jurisdiction over the claims and parties pursuant to 28 U.S.C. §§ 2241 and 2254, which provide that jurisdiction is proper where the incarcerated petitioner

is confined or where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000) (same).

## II. Background and Procedural History

On May 17, 2019, in the 197th Judicial District of Cameron County, Texas, a jury convicted Alexander of: (1) two-counts of "aggravated sexual assault of a child;"[1] and (2) two-counts of "indecency with a child by contact."[2] Dkt. No. 11-27 at 6. The Honorable Adolfo E. Cordova, Jr., Judge Presiding of the 197th Judicial District Court, sentenced Alexander to 17 years imprisonment. *Id.* at 6-8. Judgment was entered on May 25, 2019. *Id.*

The Thirteenth Court of Appeals affirmed the trial court's judgment on August 6, 2020. Dkt. No. 11-2; *see also Alexander v. State*, No. 13-19-00259-CR, 2020 Tex. App. LEXIS 6182, *1 (Tex. App. Aug. 6, 2020, pet ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals (hereinafter, the "TCCA") refused Alexander's petition for discretionary review on November 11, 2020. Dkt. No. 11-8 at 1; *see also In re Alexander*, No. PD-0914-20, 2020 Tex. Crim. App. LEXIS 935, *1 (Crim. App. Nov. 11, 2020) (unpublished opinion).

Alexander filed a pro se state application for a writ of habeas corpus[3] (hereinafter, Alexander's "State Habeas Application") on June 15, 2021. Dkt. No. 11-27 at 10-30. In his State Habeas Application, Alexander raised one ground for relief: a double jeopardy violation because he was charged with one count of "aggravated sexual assault of a child"

---

[1] Tex. Penal Code Ann. § 21.021(a)(2)(B).
[2] Tex. Penal Code Ann. § 21.11(a)(1).
[3] Tex. Code. Crim. P. Art. 11.07.

and one count of "indecency with a child by contact" based on "one event or one violation of law." *See id*. at 15-16. The TCCA denied Alexander's State Habeas Application without a written order on September 29, 2021. Dkt. No. 11-26 at 1.

Alexander filed the instant § 2254 Petition on January 7, 2022. Dkt. No. 1. In his Petition, Alexander raises four distinct grounds for relief before this Court. *Id*. at 6-7. Specifically, he asserts the following claims:

> (1) A double jeopardy violation because he was charged with one count of "aggravated sexual assault of a child" and one count of "indecency with a child by contact," based on "one event or violation of law";
>
> (2) Insufficient evidence to support a conviction for second "aggravated sexual assault of a child" count and double jeopardy violation because both "aggravated sexual assault of a child" counts stem from the same event;
>
> (3) Insufficient evidence to support a conviction after case was originally dismissed for lack of evidence; and
>
> (4) Alexander's trial counsel, Nathanial Perez, Jr., provided ineffective assistance by: (1) negating appeal grounds; (2) allowing an outcry witness to testify; and (3) failing to argue a double jeopardy violation.

*Id.*

### III. Legal Standards

**A. 28 U.S.C. § 2254**. The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[4] govern petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335-336 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the petitioner demonstrates that the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as

---

[4] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) (same). "This standard is difficult to meet but 'stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'" *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 U.S. Dist. LEXIS 74722, at *2 (N.D. Tex., May 3, 2018) (quoting *Harrington*, 562 U.S. at 102).

With respect to questions of fact, the state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to questions of law, or mixed questions of law and fact adjudicated on the merits in state court, the petitioner must either demonstrate that the state court decision "was contrary to" clearly established Supreme Court precedent, or "involved an unreasonable application of" that precedent. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Pursuant to the "contrary to" clause, district courts may only grant habeas relief if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Pursuant to the "unreasonable application" clause, district courts may only grant relief when: (1) a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case[,]" or (2) the state court "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or

unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.

**B. FED. R. CIV. P. 56**. The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. Nevertheless, Rule 56's application in the federal habeas context differs from its application in "the average civil case." *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (unpublished) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004)). As the Fifth Circuit has explained:

> the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)-which mandates that findings of fact made by a state court are "presumed to be correct"— overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Cockrell*, 311 F.3d at 668.

## IV. Discussion

Respondent filed his Motion for Summary Judgment on March 9. 2022. Dkt. No. 12. Respondent's Motion asserts that Alexander's claims are either unexhausted and procedurally defaulted or otherwise like merit. *Id.* at 1. Additionally, Respondent requests that Alexander's Petition be denied and that a certificate of appealability should not issue. *Id.* at 15.

Pursuant to Local Rule 7.3, Alexander had until March 30, 2022, to file a response to Respondent's Motion. *See* S.D. Tex. Local Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). Alexander has not filed a response to Respondent's Motion, despite being provided with an opportunity to do so. *See* Dkt. No. 5. This matter is now ripe for consideration.

Local Rule 7.4 provides that a failure to respond to a motion "will be taken as a representation of no opposition." S.D. Tex. Local Rule 7.4. Nevertheless, "a district court may not grant summary judgment by default simply because there is no opposition to the motion[.]" *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016); *Solis v. Wal-Mart Stores E., L.P.*, No. B-07-205, 2010 U.S. Dist. LEXIS 23058, at *1–2 (S.D. Tex. Mar. 11, 2010) (same). To obtain summary judgment when the nonmoving party has failed to respond, the movant must demonstrate an entitlement to summary judgment as a matter of law. *Atain Specialty Ins. Co.*, 226 F. Supp. 3d at 813 (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. 1985)).

**A. Claim 1.** Alexander alleges a double jeopardy violation because he was convicted of one count of "aggravated sexual assault of a child" and one count of "indecency with a child by contact." *See* Dkt. No. 1 at 6. Respondent argues that Alexander has failed to establish a double jeopardy violation and cannot meet his burden of proof under AEDPA. Dkt. No. 12 at 14.

The Double Jeopardy Clause in the Fifth Amendment to the United States Constitution provides defendants three basic protections against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See Ohio v. Johnson*, 467 U.S. 493, 498 (1984). The third protection, which Alexander alleges Respondent violated, is designed to ensure the courts do not overreach into the legislature's powers to prescribe crimes and determine punishments. *See id*. at 499. In *Blockburger*, the Supreme Court announced that conviction and punishment under two statutes, both satisfied by a single act, is constitutionally valid under the Double Jeopardy Clause if each statute "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The prohibition against punishing the same act under two statutes can be overcome only if there is a clear indication of contrary legislative intent. *See Whalen v. United States*, 445 U.S. 684, 692 (1980). A federal court reviewing state statutes must respect a state court's construction of a statute, but may ultimately reject the legal conclusion on whether the statute violates the Double Jeopardy Clause. *Mo. v. Hunter*, 459 U.S. 359, 368 (1983).

Alexander was indicted and charged with two counts of "aggravated sexual assault of a child" and two counts of "indecency with a child by contact." *See* Dkt. No. 11-27 at 4.

Following a trial, a jury found Alexander guilty on all four counts. *Id.* at 6; Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (iii); Tex. Penal Code Ann. § 21.11(c)(1)-(2).

In Count 1, Alexander was charged with, and found guilty of, violating Section 22.021(a)(1)(B)(iii) of the Texas Penal Code. *See* Dkt. No. 11-27 at 4, 6. This section provides that a "person commits [aggravated sexual assault] if the person intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii). In Count 2, Alexander was charged with, and found guilty of, violating Section 22.021(a)(1)(B)(i) of the Texas Penal Code. *See* Dkt. No. 11-27 at 4, 6. This section provides that a "person commits [aggravated sexual assault] if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means." Tex. Penal Code Ann. § 22.021(a)(1)(B)(i).

In Count 3, Alexander was charged with, and found guilty of, violating Section 21.11(c)(2) of the Texas Penal Code. *See* Dkt. No. 11-27 at 4, 6. This section provides that a person commits the offense of indecency with a child by engaging in sexual contact with the intent to arouse or gratify the sexual desire of any person by "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." Tex. Penal Code Ann. § 21.11(c)(2). In Count 4, Alexander was charged with, and found guilty of, violating Section 21.11 (c)(1) of the Texas Penal Code. *See* Dkt. No. 11-27 at 4, 6. This section provides that a person commits the offense of indecency with a child by engaging in sexual contact with the intent to arouse or gratify the sexual desire of any person by "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." Tex. Penal Code Ann. § 21.11(c)(1).

Critically, each statute classifies a separate offense and requires the State to prove different elements for each one. The Court, then, finds that the statutes do not violate the Double Jeopardy Clause under the *Blockburger* test. Alexander has failed to meet his burden of proof under the AEDPA and his Claim 1 is subject to dismissal.

**B. Claims 2-4.** In his Motion, Respondent argues that Alexander has not exhausted Claims 2-4. Dkt. No. 12 at 10. Respondent maintains that Claims 2-4 are now procedurally barred from federal habeas review. *See id.* at 10-11. For the reasons discussed herein, Respondent is correct.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Here, the exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the TCCA in either a petition for discretionary review or an application for writ of habeas corpus.[5] *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

The record confirms that Alexander's allegations raised in Claims 2-4 in the instant action were not presented to the TCCA in his state habeas application. Because these allegations are being presented for the first time in this federal habeas proceeding, they are considered unexhausted under § 2254(b). Further, should this Court now require Alexander to return to state court to satisfy the exhaustion requirement, the TCCA would

---

[5] TEX. CODE. CRIM. P. ART. 11.07.

find the claims procedurally barred since Alexander already challenged his conviction in a previous state habeas application.[6] Because Texas would likely bar another habeas corpus application by Alexander regarding this conviction, the procedural default would bar federal habeas corpus review. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Cockrell*, 311 F.3d at 684 (holding unexhausted claims were procedurally barred).

Unless he can show cause for the default and resulting prejudice or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice," Alexander is precluded from federal habeas relief on the unexhausted claims. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). Critically, Alexander has not made such a showing. Claims 2-4, then, are subject to dismissal.

## V.    Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[6] TEX. CODE. CRIM. P. ART. 11.07 § 4.

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Said differently, where claims have been dismissed on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Alexander has not made a substantial showing of the denial of a constitutional right.

## VI.   Recommendation

It is recommended that the Court: (1) **GRANT** Respondent's Motion; (2) **DISMISS WITH PREJUDICE** Alexander's Petition; (3) **DIRECT** the Clerk of Court to close this case; and (4) **DECLINE** to issue a certificate of appealability.

## VII.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **10th** day of **January, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**